OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 23, 1999

The Honorable Jeff Wentworth
Chair, Nominations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0099

Re: Whether a student who is excused from a public school for a temporary absence pursuant to section 25.087(b) of the Education Code may be denied certain benefits (RQ-0039)

Dear Senator Wentworth:

You ask whether, pursuant to section 25.087(b) of the Education Code, a student who has been temporarily absent from school and whose absence has been excused may be deprived of certain benefits granted by teachers or school systems for "perfect attendance." We conclude that such deprivation is impermissible.

With some exemptions governed by section 25.086 of the Education Code, Texas children from six through seventeen are required to attend school. TEX. EDUC. CODE ANN. § 25.085(b) (Vernon Supp. 1999) In order to receive credit for a class, the student must generally be "in attendance for at least 90 percent of the days the class is offered." *Id.* § 25.092(a) (Vernon 1996). However, under section 25.087(a), "a child may . . . be excused for temporary absence resulting from any cause acceptable" to the child's teacher, principal, or school superintendent. Moreover, pursuant to section 25.087(b), there are certain causes of temporary absence for which the child must be excused:

> A school district shall excuse a student from attending school for the purpose of observing religious holy days, including traveling for that purpose, if before the absence the parent, guardian, or person having custody or control of the student submits a written request for the excused absence. A school district shall excuse a student for temporary absence resulting from health care professionals if that student commences classes or returns to school on the same day of the appointment. A student whose absence is excused under this subsection may not be penalized for that absence and shall be counted as if the student attended school for purposes of calculating the average daily attendance of students in the school district. A student whose absence is excused under this subsection shall be allowed a reasonable time to make up school work missed on those days. If the

> student satisfactorily completes the school work, the day of absence
> shall be counted as a day of compulsory attendance.[1]

As you explain the matter, "Many teachers and school systems grant students with 'perfect attendance' the benefit of skipping some tests and even final exams. A student who has an excused absence provided in Section 25.087 is penalized by being excluded from receiving this benefit. This practice seems to be in conflict with the statute." Letter from Honorable Jeff Wentworth, Senator, to Honorable John Cornyn, Attorney General (Mar. 3, 1999) (on file with Opinion Committee). We concur.

You do not indicate by what authority the benefits you describe are offered. Assuming that they may be offered, they cannot be denied to students whose absences were excused under section 25.087(b) and who have successfully completed any missed work within the "reasonable time" permitted them under the statute, for two reasons. First, such students "may not be penalized." The denial of a benefit can, as your question suggests, reasonably be characterized as a penalty. Second, while it might be possible to argue that students with absences excused under section 25.087(b) have not been penalized but have simply failed to qualify for a benefit, this argument fails in the light of the statutory provision that, when the student satisfactorily completes the missed work, "the day of absence shall be counted as a day of compulsory attendance." On successful completion of the missed work, then, the student is in effect to be treated as not having been absent. Therefore, the denial of some special benefit accorded solely on the basis of attendance would in that circumstance be an impermissible penalty because the whole basis of the denial would be the now-expunged absence.

---

[1] House Bill 217, enacted by the 76th Legislature and effective beginning with the 1999-2000 school year, removes from section 25.087(b) the requirement that the parent provide a written request for the absence. *See* Act of May 25, 1999, 76th Leg., R.S., H.B. 217, § 1 (to be codified at TEX. EDUC.CODE ANN. § 25.087(b)).

## S U M M A R Y

Students whose absences are excused pursuant to section 25.087(b) of the Education Code and who successfully complete the missed work within the reasonable time afforded them by the statute may not be deprived of a benefit based on "perfect attendance."

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee